**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VARDGES NIKOGHOSYAN,<br><br>          Petitioner,<br><br>    v.<br><br>TODD LYONS, et al.,<br><br>          Respondents. | Case No. 2:26-cv-05572-SP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION** |

**I.**

**INTRODUCTION**

On May 22, 2026, petitioner Vardges Nikoghosyan, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto"). Petitioner contends his detention violates his rights to substantive and procedural due process under the Fifth Amendment, and the implementing regulations of Immigration and Nationality Act ("INA"). The Petition is supported by several exhibits. *Id.* Petitioner seeks immediate release from immigration custody as well as declaratory and injunctive relief.

1

That same day, petitioner also filed an ex parte application for a temporary restraining order ("TRO").  Docket no. 3.  The court denied petitioner's TRO application without prejudice on May 26, 2026.  Docket no. 8.

On May 29, 2026, respondents filed an Answer to Petition ("Answer").  Docket no. 10.  In their Answer, respondents state they "are not presenting an opposition argument at this time." *Id.* at 1.  Petitioner did not file a reply to respondents' Answer.

For the reasons discussed below, petitioner has shown that his procedural due process claim merits habeas relief.  The court therefore grants the Petition and issues a writ of habeas corpus requiring petitioner's immediate release from immigration custody along with other relief.

## II.

## BACKGROUND

Petitioner is a 44-year-old native and citizen of Armenia.  Pet. ¶ 15, Ex. A.[1]  He lawfully entered the United States on April 18, 2000, on an F-1 student visa.  *Id.* Petitioner's father later applied for and was granted asylum in the United States, and petitioner was included as a derivative minor beneficiary of his father's application.  *Id.* Petitioner has resided in the United States ever since.  *Id.* ¶¶ 15-16.

On December 21, 2009, petitioner was convicted in the United States District Court for the Southern District of Florida of conspiracy to commit access device fraud and theft of United States postage stamps in violation of 18 U.S.C. § 371.  *Id.* ¶ 17, Ex. A.  Based on this conviction, petitioner was charged as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony.  *Id.*, Ex. A.  Petitioner was ordered removed to Armenia on June 21, 2012.  *Id.*  Petitioner later received a

---

[1]    The Petition is signed only by petitioner's counsel and is not verified by petitioner. The court therefore accepts the facts alleged in the Petition: (1) for the purposes of Part II of this opinion, if undisputed by respondents; (2) if supported by documents submitted by petitioner as part of the Petition; or (3) if the information could be within counsel's personal knowledge.

2

deferral of removal to Armenia under the Convention Against Torture ("CAT") on August 18, 2014. *Id.* ¶ 17, Ex. B. Petitioner was then released from immigration custody in 2014. *Id.*

While released from immigration custody, petitioner has been a law-abiding member of the community. *Id.* ¶ 18. He has established close ties with his family, owned and operated legitimate businesses, actively participated in his church, and volunteered to assist with community events. *Id.*, Ex. C.

On May 20, 2026, petitioner flew from Miami to Los Angeles after having visited his parents and sister. *Id.* ¶¶ 3, 19. As he walked towards the baggage claim area of the airport, petitioner was surrounded by approximately eight ICE agents. *Id.* The agents confiscated his bag and cell phone and escorted him to a more isolated portion of the airport. *Id.* ¶ 19. Petitioner was then informed that he had a warrant issued for his arrest and handcuffed. *Id.* Petitioner requested to see the warrant and an ICE agent briefly showed him a document on his cell phone. *Id.* Petitioner was unable to read the document beyond seeing his name on the screen. *Id.* He alleges that the document did not appear to contain any signatures. *Id.* Petitioner was then transported to Adelanto. *Id.* ¶ 3.

On May 21, 2026, petitioner's counsel contacted the Department of Homeland Security ("DHS") and entered an appearance on petitioner's behalf. *Id.* ¶¶ 4, 20, Ex. D. His counsel requested any custody determination, notice, charging documents, or related records and asked whether DHS intended to remove petitioner to a third country. *Id.* ¶ 20, Ex. D. On May 22, 2026, Deportation Officer S. Hernandez responded that petitioner has a final order of removal, was granted deferral of removal to Armenia under CAT, and that ICE was proceeding with third country removal. *Id.* ¶¶ 4, 21, Ex. D. DO Hernandez stated that ICE had not identified a third country as of that date but would notify petitioner's counsel when it did so. *Id.*

//
//

3

## III.

## **DISCUSSION**

Petitioner raises three grounds for relief, arguing his detention violates: (1) his right to substantive due process under the Fifth Amendment; (2) his right to procedural due process under the Fifth Amendment; and (3) the implementing regulations of the INA. Pet. ¶¶ 26-51. Respondents do not oppose the Petition. Answer at 1.

**A.     This Court Has Jurisdiction Over the Claims in the Petition**

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues he should be released from respondents' custody because his re-detention following his initial release violates, inter alia, the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 26-43. He has therefore properly invoked this court's habeas jurisdiction.

The INA contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810

4

(9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted). Because petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B.** **Respondents Failed to Comply With Their Own Regulations in Violation of Petitioners' Due Process Rights**

Petitioner argues that he is entitled to release because respondents failed to comply with the requirements of 8 C.F.R. §§ 241.4(l) and 241.13(i) when he was re-detained in violation of his due process rights under the Fifth Amendment. Pet. ¶¶ 32-51. He alleges that he was not provided with notice of the reasons for the revocation of his prior release nor given an informal interview as required by §§ 241.4(l) and 241.13(i). *Id.* ¶ 48. Respondents do not respond to petitioner's argument. *See* Answer at 1.

Upon release from detention, a noncitizen subject to a final order of removal must comply with conditions of release. *See* 8 U.S.C. § 1231(a)(3); *Hoac v. Becerra*, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) "govern how and when ICE may revoke the release of a noncitizen who has been ordered removed, detained, and then released after ICE is unable to execute the order of removal." *Phouvieng K. v. Andrews*, 2025 WL 3265504, at *4 (E.D. Cal. Nov. 24, 2025). Revocation of release is permitted under two circumstances. First, if a noncitizen violates any of the conditions of their release, they may be returned to custody. 8 C.F.R. §§ 241.13(i)(1), 241.4(l)(2)(ii). Second, a noncitizen's release may be revoked "if, on account of changed circumstances, the [agency] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2); *see* 8 C.F.R. § 241.4(l)(2)(iii).

When ICE makes the determination that a non-citizen's order of supervision should be revoked, 8 C.F.R. § 241.13(i)(3) requires that certain procedural requirements be followed. Section 241.13(i)(3) provides:

Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3); *see Hoac*, 2025 WL 1993771, at *3. "Government agencies are required to follow their own regulations." *Hoac*, 2025 WL 1993771, at *4 (citing *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)).

Here, petitioner argues that the procedural requirements of § 241.13(i)(3) were not followed. He states that he was not provided notice of the reasons for the revocation of his release, was not notified of any changed circumstances to justify his detention, and was not given any interview or other opportunity to respond to the allegations which resulted in his re-detention. Pet. ¶¶ 3, 19, 38, 48. Rather, petitioner alleges that he was abruptly detained by ICE agents in an airport and informed that there was a warrant for his arrest. *Id.* ¶ 19. Petitioner contends a document was only briefly shown to him on an ICE agent's cell phone, and he was unable to review or read the contents of the document beyond seeing his own name on the screen. *Id.* Even assuming the document was intended to provide notice, offering petitioner a seconds-long glimpse is entirely insufficient to constitute notice to petitioner as to why he was being re-detained. *See Hashemi v. Noem*, 809 F. Supp. 3d 1027, 1035 (C.D. Cal. 2025) (holding the notice "must provide real, specific, and concrete information that a noncitizen could actually respond to."). Petitioner also alleges that he received no informal interview or chance to respond to any allegations against him at any time. Pet. ¶¶ 3, 38, 48. By failing to

provide petitioner with notice or an informal interview prior to his re-detention, respondents failed to follow the requirements outlined in 8 U.S.C. §§ 241.4(l) and 241.13(i).

Respondents' failure to follow the regulations for the revocation of petitioner's OSUP violated petitioner's due process rights under the Fifth Amendment.  *See Nguyen v. Noem*, 817 F. Supp. 3d 889, 899 (C.D. Cal. 2025) ("the Court again [] follow[s] its sister courts in finding that the failure to follow these procedural requirements violates the due process clause"); *Velasquez Jimenez v. Mullin*, 2026 WL 1455385, at *7 (C.D. Cal. May 18, 2026) (collecting cases); *Martinez v. Noem*, 821 F. Supp. 3d 1183, 1193 (C.D. Cal. 2026).  As many courts have recognized, release from immigration custody is the proper remedy when a petitioner's prior release is improperly revoked.  *See e.g. Quiroz Lopez v. Bondi*, 2026 WL 923370, at *4 (W.D. Wash. Apr. 6, 2026) (ordering release for violation of petitioner's due process rights by the government's failure to follow its own regulations); *Dong v. Chestnut*, 2026 WL 734432, at *4 (E.D. Cal. Mar. 16, 2026) (recommending immediate release for failure to follow the regulations); *Dong v. Warden of the Adelanto Det. Center*, 2026 WL 1491180, at *2-3 (C.D. Cal. May 26, 2026); *Singh v. Rios*, 2026 WL 973761, at *6 (C.D. Cal. Mar. 2, 2026); *Velasquez Jimenez*, 2026 WL 1455385, at *7-8 (collecting cases).

**C.      Petitioner's Remaining Claim**

Petitioner also argues that respondents violated his right to substantive due process under the Fifth Amendment.  Pet. ¶¶ 26-31.  The "core of habeas corpus" is an attack on "the very duration of [a prisoner's] physical confinement."  *Preiser*, 411 U.S. at 487-88. Here, the court has already concluded that petitioner is entitled to release on due process grounds and has therefore granted the relief that lies at the core of the Petition. Accordingly, the court need not address petitioner's remaining claim.  Petitioner may raise the claim again if he is subject to any future detention.

//

//

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately release petitioner Vardges Nikoghosyan (A# 079-282-092) from immigration custody; (3) respondents shall return any confiscated property and documents to petitioner upon his release; (4) respondents are enjoined and restrained from re-detaining petitioner unless they have followed all procedures set forth in 8 C.F.R. § 241.13 and any other applicable statutory and regulatory procedures; and (5) respondents shall file a status report no later than June 17, 2026 confirming petitioner has been released from respondents' custody.

DATED: June 12, 2026

_____
SHERI PYM
United States Magistrate Judge

8